**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTOINETTE JARDINE-BYRNE, | No. 17-17348 |
| Plaintiff-Appellant, | D.C. No. 5:16-cv-03253-EJD |
| v. | |
| SANTA CRUZ COUNTY BOARD OF LAW LIBRARY TRUSTEES; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted August 15, 2018[**]

Before:     FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Antoinette Jardine-Byrne appeals pro se from the district court's judgment

dismissing her 42 U.S.C. § 1983 action alleging constitutional and state law claims

arising from a suspension of her after-hours access to the Santa Cruz County Law

Library. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009). We affirm.

The district court properly dismissed Jardine-Byrne's Fourteenth Amendment substantive and procedural due process claims because Jardine-Byrne failed to allege facts sufficient to show that defendants' conduct was egregious and shocked the conscience, or that Jardine-Byrne did not receive an adequate opportunity to be heard. *See Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006) (substantive due process claim requires allegation of "egregious" official conduct that "shocks the conscience" (citation and internal quotation marks omitted)); *Raditch v. United States*, 929 F.2d 478, 480 (9th Cir. 1991) (procedural due process requires "notice and an opportunity to respond in some manner").

The district court properly dismissed Jardine-Byrne's "class of one" equal protection claim because Jardine-Byrne failed to allege facts sufficient to show that she was intentionally treated differently from others similarly situated. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (elements of an equal protection "class of one" claim); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

2

The district court did not abuse its discretion by denying in part Jardine-Byrne's request for judicial notice because the documents contained matters outside the pleadings that were subject to dispute or were irrelevant. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (setting forth standard of review and circumstances under which judicial notice is inappropriate).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**